IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM D. FELL, and LAKE COUNTY, a political subdivision of the State of Montana,<br>　　　　　　Defendants. | CV 21–20–M–DLC–KLD<br><br><br><br>ORDER |

　　　Before the Court is the government's Motion for Entry of Judgment. (Doc. 25.) After considering the record in this case, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law, and enters default judgment in favor of the United States of America pursuant to Federal Rule of Civil Procedure 55(b)(2).

## FINDINGS OF FACT

　　　(1)　The real property that is the subject of this foreclosure action is located in the County of Lake, State of Montana, and is described as follows:

> The NE1/4SE1/4 of Section 32, Township 22 North, Range 21 West, M.P.M., Lake County Montana,
> Together with and subject to all matters contained in Amendment to Declaration of Easement and Water Use Agreement Recorded December 11, 1990 Under Microfile No. 327766, Records of Said County. Parcel ID-A9 14716,
>
> Commonly known as: 46238 River Breaks Road, Polson, MT 59860.

(2)     On February 14, 2009, William D. Fell and Doris J. Fell received a Home Equity Conversion loan and mortgage/deed of trust, commonly referred to as a reverse mortgage from Financial Freedom Senior Funding Corporation. The Home Equity Conversion program was established by Congress under 12 U.S.C. § 1715 *et seq*. The loan and deed of trust were subsequently assigned to the United States Department of Housing and Urban Development ("HUD"). No payments on such loans are due until all parties who signed the loan and mortgage are deceased or have vacated the premises for one year. (*See* Doc. 12-1.)

(3)     As security for the above-described loan, William D. Fell and Doris J. Fell executed two deeds of trust as described below:

   (a)   Adjustable Rate Home Equity Conversion Deed of Trust with Financial Freedom Senior Funding Corporation as beneficiary executed on February 14, 2009. The Adjustable Rate Home Equity Conversion Deed of Trust was recorded with the Clerk and Recorder of Lake County on March 3, 2009 as Documents No. 496126. The Adjustable Rate Home Equity Conversion Deed of Trust was insured by HUD under the National Housing Act as amended, 12 U.S.C. § 1701 et seq. (*See* Doc. 12-2.)

   (b)   Adjustable Rate Home Equity Second Deed of Trust with the Secretary of Housing and Urban Development as beneficiary executed on February 14, 2009. The Adjustable Rate Home Equity Second Deed of Trust was recorded with the Clerk and Recorder of Lake County on March 3, 2009 as Document No. 496127. A true and correct copy of this mortgage is attached to the Second Amended Complaint as Exhibit C. (*See* Doc. 12-3.)

(4)     The Adjustable Rate Home Equity Conversion Deed of Trust originally held by Financial Freedom Senior Funding Corporation as described in

Paragraph 3(a) *supra*, along with the promissory note (Doc. 12-1), were subsequently assigned by Financial Freedom Senior Funding Corporation to Mortgage Electronic Registration Systems Inc. ("MERS") on May 1, 2009.  The Corporate Assignment of Deed of Trust was filed with Lake County Clerk and Recorder on December 4, 2009 as Document Number 503334.  MERS subsequently assigned the Adjustable Rate Home Equity Conversion Deed to Trust to the Secretary of Housing and Urban Development on August 1, 2017.  The assignment was recorded with the Lake County Clerk and Recorder on August 17, 2017 as Document Number 557262.  (*See* Doc. 12-4.)

    (4)    Doris J. Fell died on June 30, 2018.  (*See* Doc. 12-5.)  In addition, a Declaration of Joint Tenancy Termination was recorded by the surviving joint tenant/husband William D. Fell with the Lake County Clerk and Recorder on September 10, 2018 as Document 564852.  (*See* Doc. 12-6.)

    (5)    Defendant William D. Fell is in default under the terms of the promissory note and deeds of trusts described above.  The Deeds of Trust provides for immediate payment in full if the borrower dies or the property is not the principal residence of at least one surviving borrower. (Doc. 12 at ¶ 7.)  Since at least 2019, Mr. Fell has resided in Van Tassel, Wyoming, and informed Novad Management Consulting LLC, a contractor for HUD, that the property has been abandoned.  (*Id.*)  Mr. Fell has not paid property taxes since his wife died in 2018.

(*Id.*)  Due to abandonment, the property is not subject to the HUD's moratorium on foreclosures. *See* https://www.hud.gov/sites/dfiles/OCHCO/documents/2021-05hsgml.pdf (accessed June 9, 2021).

(6)     Defendant Willian D. Fell is indebted to the United States for the loans outlined above in the principal amount of $312,861.01, plus interest in the amount of $133,208.50 as of September 25, 2020, plus administrative charges in the amount of $30,042.77 (service charges of $25.00 per month for a total amount of $3,500.00 and mortgage insurance premiums in the amount of $26,542.77 which amounts varied each month for a total of $26,542.77 since the origination of the loan in 2009), for a combined total of $476,112.28 as of September 25, 2020. Interest continues to accrue from September 25, 2020, at the rate of $38.15 per day until the date of entry of judgment.  (Doc. 12-7.)  The United States also seeks post-judgment interest pursuant to 28 U.S.C. § 1961.  (Doc. 12 at ¶ 8.)

(7)     Defendant William D. Fell executed a second Waiver of Service of Summons, which was filed with the Court on April 5, 2021.  (Doc. 15.)  Defendant did not make an appearance.  His default was entered on May 27, 2021.  (Doc. 23).

(8)     Walter Congdon, Deputy Lake County Attorney, executed a second Waiver of Service of Summons, which was filed with the Court on Mach 19, 2021. (Doc. 14.)  On March 5, 2021, Defendant Lake County filed a Stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of

sale. It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale. (Doc. 9.)

(9) Defendant Guardian Tax MT, LLC, was personally served through its registered agent, Incorp Services, with the Summons and Second Amended Complaint on May 18, 2021. (Doc. 19.) On May 26, 2021, the United States filed a Stipulation to Dismiss the defendant Guardian Tax MT, LLC, as it no longer has an interest in the real property which is the subject of this foreclosure action. (Doc. 22.) This Court dismissed Guardian Tax MT, LLC on May 27, 2021. (Doc. 24.)

### CONCLUSIONS OF LAW

(1) Because the United States is the plaintiff in this action, the Court has original jurisdiction. 28 U.S.C. § 1345.

(2) Lake County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

(3) The United States is entitled to judgment against Defendant William D. Fell, in the principal amount of $312,861.01, plus accrued interest in the amount of $133,208.50 as of September 25, 2020, plus administrative charges in the amount of $30,042.77 (service charges of $25.00 per month for a total amount of $3,500.00 and mortgage insurance premiums in the amount of $26,542.77 which amounts varied each month for a total of $26,542.77 since the origination of the

loan in 2009), for a combined total of $476,112.28 as of September 25, 2020, at the rate of $38.15 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1960.

(4) The United States is entitled to an order of sale of the real property described herein.

### Order

Based on the foregoing Findings of Fact and Conclusions of Law,

IT IS ORDERED that:

(1) The motion (Doc. 25) is GRANTED.

(2) Default Judgment is entered in favor of the United States of America and against Defendant William D. Fell in the principal amount of $312,861.01, plus interest in the amount of $133,208.50 as of September 25, 2020, plus administrative charges in the amount of $30,042.77, for a combined total of $476,112.28 as of September 25, 2020. Interest continues to accrue from September 25, 2020, at the rate of $38.15 per day until the date of entry of judgment.

(3) The United States is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

(4) The material allegations contained in the Plaintiff's Second Amended Complaint are taken as true.

(5)     The real property described in the deed of trust, located in Lake County, Montana, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court.  The real property is located in Lake County, Montana, and described as follows:

> The NE1/4SE1/4 of Section 32, Township 22 North, Range 21 West, M.P.M., Lake County Montana,
> Together with and subject to all matters contained in Amendment to Declaration of Easement and Water Use Agreement Recorded December 11, 1990 Under Microfile No. 327766, Records of Said County. Parcel ID-A9 14716,
>
> Commonly known as: 46238 River Breaks Road, Polson, MT 59860.

(6)     Pursuant to 12 U.S.C. § 1701(k) there is no right of redemption.

(7)     The real property be sold in one unit.

(8)     If the United States is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash but may be in the form of suitable documentary evidence as a debit against the judgment.

(9)     The U.S. Marshal is required to provide a Certificate of Sale and Deed to purchaser at the time of sale of the real property.

(10)    In the event the United States is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a

Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the United States.

 (11) The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

  (a) To Lake County, Montana, to satisfy the principal amount of any assessed taxes, to date of sale.

  (b) To Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

  (c) Any overplus remaining after the payments to Lake County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of the Court.

  (d) No deficiency judgment is sought under this foreclosure action.

 (12) The Defendant William D. Fell and any and all persons claiming under him, and all persons having liens subsequent and inferior to the lien of the United States' deed of trust, either by mortgage, judgment, or decree, upon the real property described in the deed of trust subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred

and foreclosed of and from all equity of redemption and claim to the deed of trust or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

(13) All or any of the parties to this action are entitled to purchase at the sale. If the United States purchases at the sale, the rents, issues, and profits arising or in any manner accruing to or from the premises, are due and payable to the to the United States.

DATED this 9th day of June, 2021.

_____
Dana L. Christensen, District Judge
United States District Court